# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**
        **Plaintiff,**

   v.                                         **Case No. 01-CR-191**

**RAYMOND WASHINGTON,**
        **Defendant.**

## DECISION AND ORDER

Defendant Raymond Washington requests early termination of his supervised release pursuant to 18 U.S.C. § 3583(e)(1). The government opposes the request.

**I.**

Defendant pleaded guilty to conspiracy to distribute cocaine, and I sentenced him to 120 months in prison followed by five years of supervised release. I later reduced the prison sentence to 46 months on the government's Fed. R. Crim. P. 35 motion but re-imposed the five year supervision term. Defendant was released from prison on October 7, 2005.

In his request for early termination, defendant indicates that while in prison he obtained his high school diploma and completed the 500 hour drug treatment program. Since his release, he has worked, abstained from drugs and complied with the other conditions of supervision. He indicates that he has been a positive and productive citizen. In a letter, defendant's friend Mark Amrozewicz also indicates that defendant is a changed man.

In its opposition, the government indicates that the case agent has received information that defendant has maintained ties to former drug associates. However, it does not provide any specifics on these ties or allege that defendant has engaged in new criminal activity. The

government further notes that I reduced defendant's prison sentence pursuant to its Rule 35 motion to a greater extent than it recommended and contends that he should continue to enjoy the benefit of supervision to keep him on the straight and narrow.

**II.**

Section 3583(e)(1) allows the court to terminate a defendant's supervised release if (1) he has served at least one year; (2) considering the sentencing factors in 18 U.S.C. § 3553(a) as well as the defendant's conduct, termination is in the interests of justice; and (3) the government is given notice and an opportunity to be heard. See United States v. Medina, 17 F. Supp. 2d 245, 245 (S.D.N.Y. 1998).

The conduct of the defendant necessary to justify early termination must include more than simply following the rules of supervision. Otherwise, every defendant who avoided revocation would be eligible for early termination. Instead, termination is generally granted only in cases with a new or unforeseen circumstance, such as where the defendant's conditions unreasonably impede his rehabilitation or where the defendant's behavior has been exceptionally good. See, e.g., United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997); Medina, 17 F. Supp. 2d at 246-47; see also United States v. Caruso, 241 F. Supp. 2d 466, 468-69 (D.N.J. 2003) (stating that early termination of probation is not warranted based on "mere compliance with the terms of probation" but rather "only in cases where the defendant demonstrates changed circumstances, such as exceptionally good behavior").

**III.**

Early termination is not warranted in this case. While defendant's conduct since his release is laudable, it is not exceptional. The court expects those on supervised release to

2

work, abstain from illegal drug use and follow the rules of supervision. Defendant presents nothing suggesting that any of his conditions are interfering with his rehabilitation.

Further, given the seriousness of the offense and the need to protect the public, early termination would not be in the interest of justice. Defendant conspired with others to distribute more than five kilograms of cocaine, a class A felony. Defendant also has a significant prior record, including convictions for operating a motor vehicle without owner's consent, disorderly conduct (which involved his discharge of a firearm), first degree recklessly endangering safety (which involved a shooting) and escape. Although testing reveals no recent drug use, the original PSR reported significant substance abuse problems. Further, although defendant appears to be steadily employed now, the original PSR reported a minimal work record. Given these circumstances, early termination would fail to protect the public, deter future law violations and ensure that defendant is monitored for continuing correctional treatment needs.

**IV.**

**THEREFORE, IT IS ORDERED** that defendant's request to terminate supervised release (R. 300) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 2nd day of November, 2007.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge