# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**
        **Plaintiff,**

    v.                                                                       **Case No. 01-CR-191**

**RAYMOND WASHINGTON,**
        **Defendant.**

## DECISION AND ORDER

Defendant Raymond Washington again requests early termination of his supervised release pursuant to 18 U.S.C. § 3583(e)(1). The government again opposes the request, and I again deny it.

As indicated in my previous decision, I sentenced defendant to 120 months in prison followed by five years supervised release on his guilty plea to a charge of conspiracy to distribute 5 kilograms or more of cocaine. I later reduced the prison sentence to 46 months on the government's Fed. R. Crim. P. 35 motion. Defendant has been out on supervised release since October 7, 2005.

In the instant motion, defendant indicates that he continues to comply with his conditions, works, and has recently returned to school to get a degree in welding. He presents various documents pertaining to his schooling.

Section 3583(e)(1) provides, in pertinent part, that the court may terminate a defendant's supervised release if, on consideration of certain of the sentencing factors in 18 U.S.C. § 3553(a) and the defendant's conduct, termination is in the "interest of justice." While the statute grants district courts considerable discretion to determine when the interests of justice

warrant early termination, courts have consistently declined to grant such relief just because the defendant has complied with his conditions. Were it otherwise, every defendant who avoided revocation would be eligible for early termination. Instead, courts have typically granted early termination only in cases with new or unforeseen circumstances, or where the defendant's behavior has been exceptionally good. See, e.g., United States v. Kay, 283 Fed. Appx. 944, 946-47 (3d Cir. 2008); United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997); United States v. McKay, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005); United States v. Medina, 17 F. Supp. 2d 245, 246-47 (S.D.N.Y. 1998).

Defendant has shown nothing warranting early termination here. I am glad to hear that he continues to comply with his conditions, works, and seeks to further his education. But as I said before, the court expects those on supervised release to behave in a pro-social manner and to reintegrate into the community. Further, as I also indicated previously, given the nature of the offense and the need to protect the public, early termination would not be in the interests of justice. The offense of conviction is very serious, a class A felony, and defendant has a significant prior record, including convictions for operating a motor vehicle without owner's consent, disorderly conduct (which involved discharge of a firearm), first degree recklessly endangering safety (which involved a shooting) and escape. Although he has apparently remained drug free during this period of supervision, the original PSR reported significant substance abuse problems. Given these circumstances, early termination would fail to protect the public, to deter future law violations and to provide for defendant's correctional treatment needs.

**THEREFORE, IT IS ORDERED** that defendant's motion for discharge from supervised

release (R. 314) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 25th day of February, 2009.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge